IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-147 |
| | ) | |
| ANTHONY CORNELIUS BAYLIS | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation [doc. 27]. He argues that the magistrate judge erred in finding that there were no intentional or reckless misstatements in the search warrant affidavit and that the officers were entitled to the *Leon* good faith exception (*United States v. Leon*, 468 U.S. 897 (1984)). The government has responded [doc. 28] and urges the court to adopt the report and recommendation. A transcript of the suppression hearing has been prepared [doc. 24], and a copy of the search warrant was attached to the government's response to the defendant's motions to suppress [doc. 12]. For the reasons discussed below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir.

1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); see also United States v. Campbell, 261 F.3d 628, 631-32 (6th Cir. 2001).

On April 4, 2008, a search warrant was executed in Oak Ridge, Tennessee, at the residence of Melissa McBee. The defendant Anthony Baylis was found in a bedroom at the residence with a firearm and drugs.

In relevant part, the affidavit submitted in support of the search warrant stated that a confidential informant told the officer that an individual named Trevelle Baylis was selling crack cocaine at Ms. McBee's residence, but that Trevelle Baylis "does not live at the residence, but frequents and uses the residence as a location to sell crack cocaine with permission of the resident, Melissa McBee." The affidavit also states that "Trevelle Baylis is known to stay" at Ms. McBee's residence. Officer Moore testified at the suppression hearing that he believed the confidential informant concerning Ms. McBee's knowledge of the drug sales. However, after the search he interviewed her and decided that she did not know that Trevelle Baylis was selling drugs from her residence.

In his report and recommendation [doc. 25], the magistrate judge found that the statements in the affidavit about Trevelle Baylis and his connection to the residence were not intentional or reckless misstatements. The magistrate judge also found that Officer Moore believed his statement about Ms. McBee's

2

involvement in the drug trafficking was correct at the time he prepared the affidavit, even though Officer Moore changed his mind after interviewing Ms. McBee.

In his objections, the defendant argues that it was error to find that Officer Moore did not intentionally or recklessly misstate the facts in his request for a warrant. He contends that the statement that Trevelle Baylis was "known to stay" is "just another way of saying that Trevelle Baylis lived there." He argues that this directly contradicts the earlier statement that Trevelle Baylis did not live at the residence. The court disagrees with the defendant's contention. The word "stay" is not usually a synonym of the word "live." For example, one could stay overnight with a friend and not be said to be living with that friend. Thus, the court finds that there is not necessarily an inconsistency in Officer Moore's affidavit, and the defendant's contention that Officer Moore misstated the facts is not well taken.

The defendant also contends that Officer Moore should have required corroborating information about Ms. McBee's involvement given the fact that he changed his mind about her after he interviewed her. The court also disagrees with this contention. The confidential informant told Officer Moore that Ms. McBee knew what was going on at her house, and Officer Moore included this information in his affidavit. He had no reason to doubt the confidential informant at the time the information was included. That he learned new

3

information <u>after</u> the search warrant was executed does not alter his belief that the information was correct when he included it in the affidavit. Further, the court has reviewed the testimony that the defendant suggests is "cagy, at best." The court disagrees with the defendant's characterization of the testimony and finds that, in any event, it is irrelevant on the issue of whether Officer Moore believed the statements in the affidavit were accurate at the time he prepared it.

The court has reviewed *de novo* the report and recommendation, the pleadings, the transcript and the search warrant and finds that the defendant's objections are not well taken. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**. The court **ADOPTS** the magistrate judges recommendation, and it is hereby **ORDERED** that the defendant's motions to suppress evidence [docs. 8 and 10] are **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge

4