UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-147 |
| | ) | |
| ANTHONY CORNELIUS BAYLIS, | ) | (JORDAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

       All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 21, 2009, for a motion hearing on appointed defense counsel's Motion to Withdraw [Doc. 36], filed on April 14, 2009. Assistant United States Attorney Cynthia Davidson was present representing the government. Attorney Boyd Venable was present representing Defendant Anthony Cornelius Baylis. The defendant was not present.

       In his motion, Attorney Venable states that his application for employment at a federal agency has been accepted and that his employment at that agency will commence on April 27, 2009. Thus, he will no longer maintain a private legal practice, and he seeks to withdraw as counsel for the defendant. At the hearing, Mr. Venable stated that he had not been able to discuss the motion with the defendant, who is now in custody in Georgia. He reported that the defendant had entered a guilty plea on March 23, 2009, that his sentencing hearing was set for June 30, 2009, and that Mr. Venable did not anticipate that the defendant would have any objection to his withdrawal. The government took no position on the motion.

The Court finds that Attorney Venable's employment with a federal agency creates a potential conflict for his continued representation of the defendant. Because of this serious potential for conflict, the Court finds defense counsel's Motion to Withdraw [**Doc. 36**] to be well-taken, the same is **GRANTED**, and Attorney Venable is relieved as counsel for the defendant. See Wheat v. United States, 486 U.S. 153, 160 (1988) (holding that a court may disqualify the defendant's counsel, even when the defendant offers to waive any conflict, because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings); Glasser v. United States, 315 U.S. 60, 70 (1942) (holding that the Sixth Amendment right to counsel encompasses the right to have an attorney without a conflict), superseded by rule on another issue Bourjaily v. U.S., 483 U.S. 171, 181 (1987).

The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. Attorney James H. Varner, Jr., was present at the hearing and agreed to represent the defendant in this case. Accordingly, the Court hereby **SUBSTITUTES** and **APPOINTS** Attorney Varner under the Civil Justice Act (CJA) as counsel of record for the defendant.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge