IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-147 |
| | ) | |
| ANTHONY CORNELIUS BAYLIS | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion to withdraw his plea of guilty [doc. 40]. The United States responded to the motion [doc. 42], and an evidentiary hearing was held on the motion. For the reasons discussed below, the defendant's motion will be granted.

On October 8, 2008, an indictment was returned charging the defendant with one count of possessing with the intent to distribute cocaine base, cocaine, marijuana, and ecstacy in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The defendant filed a motion to suppress the evidence seized at the time of his arrest (the drugs and gun) [docs. 8 and 10]. An evidentiary hearing was held before the magistrate judge who recommended that the motion be denied [doc. 25]. This court overruled the defendant's objections to

the report and recommendation, and denied the motion to suppress evidence [doc. 31].

On March 23, 2009, the defendant pled guilty to the two counts of the indictment without a plea agreement.  Each of the two counts to which the defendant pled guilty require a five-year mandatory minimum sentence and the two sentences must be served consecutively.  Shortly thereafter, the defendant's appointed counsel asked to withdraw as counsel of record for the defendant due to a change in employment.  The motion was granted and the defendant's present attorney was appointed to represent the defendant at sentencing.

Three days before sentencing, new counsel for the defendant filed a motion asking that the defendant be allowed to withdraw his guilty plea.  The defendant contends that he was given erroneous advice prior to the entry of his plea.  First, he contends that he believed that he would be able to appeal the ruling on his motion to suppress evidence (the government refused to agree to a conditional plea agreement), and second, he contends that he was told that if he chose to go to trial instead of pleading guilty, he would be facing up to an additional five years in prison based on the money that was found in his possession at the time of his arrest.  The government strongly objected to the defendant's motion.

At the hearing on the defendant's motion to withdraw his plea, the defendant's original attorney, Boyd Venable, testified by telephone.  Mr. Venable

testified that he told the defendant that he would not be able to appeal the motion to suppress evidence if he pled guilty. This testimony was not challenged by any other evidence. However, Mr. Venable also testified that the Assistant United States Attorney told him that she would seek to have the money seized ($5,210.00) counted as a controlled substance if the defendant went to trial instead of pleading guilty, and this would increase his sentence as much as five years. Mr. Venable believed that counting the money would increase the defendant's sentence a year or more. Nevertheless, the defendant was told that he would likely get up to five years more in prison if he went to trial. Mr. Venable's testimony was corroborated by the defendant's mother who was present when Mr. Venable advised the defendant of the possible penalties if he went to trial.

   The court finds that the defendant's contention that he did not know he would be unable to appeal his motion to suppress evidence if he pled guilty is not supported by the evidence. The court also finds, however, that the defendant was given erroneous advice about his potential sentence if he chose to go to trial, and this advice was a material factor in the defendant's decision to plead guilty. At the court's request, the probation office has computed the guidelines including the money as well as the controlled substances, and reports that the defendant's

guideline range would not change if the money was computed as marijuana or cocaine.[1]

The defendant argues, based on the testimony at the hearing, that he has presented a "fair and just reason" to withdraw his guilty plea. *See* Fed. R. Crim. P. 11(d)(2)(B) ("A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal."). The government submits that the defendant has just changed his mind and that is not a sufficient reason to allow him to withdraw his plea.

In the Sixth Circuit, there are seven factors the court may consider in determining whether the reasons for seeking to withdraw a guilty plea are "fair and just." The factors are:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

---

[1] The government argues that if the money is computed as crack cocaine, his guideline range would increase above the five-year mandatory minimum sentence. It is the position of the probation office, however, that where, as in this case, there are multiple substances, the money should be computed using the least onerous substance.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). Application of these factors to the defendant's situation leads this court to conclude that the defendant should be allowed to withdraw his guilty plea.

The length of time that elapsed from the entry of the plea to the motion to withdraw was almost four months. The plea was entered on March 23, 2009, and the defendant's motion was filed on July 13, 2009. However, new counsel was not appointed to represent the defendant until April 22, 2009, so a month of this time should not be counted since the erroneous advice was given by his original counsel. As far as the court knows, the defendant is not asserting his innocence; rather, he wants to go to trial to preserve his right to appeal the motion to suppress ruling.

It is the circumstances surrounding the entry of the plea which tip the scales in favor of the defendant's motion. He was told by his lawyer that he would likely receive a longer sentence – as much as five years – if he chose to go to trial. The defendant's mother testified that this advice was the reason the defendant decided to plead guilty and give up his appellate rights. The court finds that this advice was erroneous and materially influenced the defendant's decision. The defendant is twenty-five years old and has a high school education. He has one prior misdemeanor conviction for simple possession of marijuana but the sentence was suspended, and he has several other pending state charges. Finally, the government only argued that "it will be prejudiced if

5

the motion to withdraw is granted" because "a year and half" has elapsed since the date of the offense. The search warrant was executed on April 4, 2008, the defendant was indicted on October 8, 2008, and the defendant's motion to withdraw was filed on July 13, 2009. The court finds that this time frame is not so long as to cause undue prejudice to the government.

Under the unique circumstances of this case, the court finds that the defendant's plea was not knowing and voluntary because of the erroneous advice of his attorney and he has presented a fair and just reason for withdrawal of his plea of guilty. Therefore, it is hereby **ORDERED** that the defendant's motion to withdraw his plea is **GRANTED**. This criminal case is set for trial on Thursday, **October 8, 2009, at 9:00 a.m.** *See* 18 U.S.C. § 3161(i).

ENTER:

*s/ Leon Jordan*
United States District Judge

6