IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-147 |
| | ) | |
| ANTHONY CORNELIUS BAYLIS | ) | |

### **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for a continuance of the trial [doc. 51]. Counsel for the defendant states that the government revealed certain discovery items in this case on October 2 and 6, 2009, less than a week before the trial set on October 8, 2009. He says that the items that the government showed him and intends to use at trial are items which he was not aware that the government possessed, including receipts from the defendant's wallet, pictures and a bank receipt from a shoebox, and a statement the defendant allegedly made at the time of his arrest about the ownership of some cash that was found. Counsel states that additional time is needed to further investigate and determine what impact the newly provided discovery will have on his defense.

The government has filed a response [doc. 52], and opposes the defendant's motion for a continuance of the trial. The government argues that all

of the items should have been known to the defendant since they were in his possession at the time he was arrested, and "none of those items change the theory of prosecution in this case." This is not the test. Rule 16 of the Federal Rules of Criminal Procedure specifically requires that the government <u>timely</u> allow the defendant to inspect and to copy papers, documents, photographs, etc., if the items are within the government's control. Fed. R. Crim. P. 16((a)(1)(E). The rule applies even if the item "was obtained from or belongs to the defendant." *Id.* Further, under the circumstances of this case, it is irrelevant that some of the items were disclosed to the defendant's prior counsel. Newly appointed counsel should have been provided the same opportunity to examine and copy the discovery items that the government was required to provide under Rule 16.

Thus, the court finds the defendant's motion well taken, and it will be granted. The court finds that the ends of justice served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The court finds that the failure to grant the defendant's motion would deny counsel for the defendant the necessary time to investigate the recently provided discovery and prepare his defense. 18 U.S.C. § 3161(h)(8)(B)(iv). The defendant's motion requires a delay in the proceedings; therefore, all the time from the filing of the defendant's motion to the new trial

2

date is excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A).

Therefore, it is hereby **ORDERED** that the defendant's motion is **GRANTED**, and this criminal case is **CONTINUED** to November 3, 2009, at 9:00 a.m.

ENTER:

      *s/ Leon Jordan*
United States District Judge