IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-147 |
| ) | (JORDAN/SHIRLEY) |
| ANTHONY CORNELIUS BAYLIS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

All pretrial motions In this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter comes before the Court on December 7, 2009, for a motion hearing on defendant's Motion to Suppress [Doc. 54] and the referral of said motion by District Judge R. Leon Jordan [Doc. 58] and the government's Response in Opposition to the defendant's Motion to Suppress [Doc. 64]. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the government. Attorney James H. Varner, Jr., was present for Defendant Baylis, who was also present. The parties presented testimony and argument on the pending motion, and the Court took the motion under advisement at the conclusion of the hearing.

At the hearing on the Motion to Suppress, the government produced one witness, Oak Ridge Investigator Brian Yook. Officer Yook testified that he was involved with the execution of the Search Warrant at 130 South Walker Lane in Oak Ridge on April 4, 2008. He described the execution of that search warrant as including a "knock and announce" followed by a forced entry through the eastern door of the residence and the securing of several people in the residence.

Officer Yook testified that upon entering through the eastern door of the residence, there is a bedroom immediately to the left. Upon their entry into the residence, the door to that bedroom was locked, and one of the officers gained entry by forcing the door open. Officer Yook testified that upon entering the bedroom, the only person present was the defendant, Anthony Baylis.

Officer Yook testified regarding the makeup of the door, identified three pictures (Exhibits 1, 2, and 3) of the door in question, and that the interior door described was the only entrance to the bedroom and that there was no other door to the outside of the house. He further testified that there was no doorbell nor separate mailbox for this bedroom. He also testified that there were no separate utilities, nor a separate kitchen, nor a bathroom within or part of this individual bedroom. He concluded that there was nothing with regard to the residence to indicate that this bedroom in any way constituted a separate residence.

Officer Yook then testified that he had interviewed the leassee of the residence at 130 South Walker Lane, Ms. Melissa McBee, and she indicated that the defendant had installed the door knob with a lock on it. Officer Yook testified that Ms. McBee told him that it took a key to unlock that door, Ms. McBee also told Officer Yook that the defendant had one key and had given her the second key, which she had subsequently given to her grandmother. Officer Yook also stated that Ms. McBee showed Officer Yook her key. Officer Yook further testified that Ms. McBee stated the lock was installed by the defendant in order to keep people out of his bedroom.

Officer Yook completed his direct testimony by stating that there was no lease between Defendant Baylis and Melissa McBee and that Defendant Baylis was not on her lease. He noted that he had been advised the defendant came to be living in this residence because he had known Ms. McBee and had asked to stay with her for a "few days," which had extended into a year.

On cross-examination, Officer Yook testified that although he went to execute the search warrant, he had not applied for the search warrant and was relying on the other officers with regard to the location. He denied that the residence was a duplex and stated its address was 130 South Walker Road. When asked about whether the outside indicated there were two numbers listed as "128 and 130," Officer Yook testified that this premises had once been a duplex but, at the time of the search, was only one residence.

Officer Yook confirmed that the bedroom and door that he described was just inside the eastern exterior door that was entered. Officer Yook also confirmed that he did not enter the bedroom immediately but went down the hall and the first person that he encountered was Melissa McBee. Defendant's attorney then asked Officer Yook when Ms. McBee told him that the bedroom belonged to the defendant, Anthony Baylis. Officer Yook's answer was that it was a few months after the search warrant had been issued and executed. Upon further questioning, he confirmed that he had not been told that by Ms. McBee on the day of the search. He also confirmed that the three photographs of the door and the door knob were taken two to three months ago, between September and October 2009. He again confirmed that the search warrant was executed in April 2008.

On redirect examination, Officer Yook testified that Exhibit 4 was the application and affidavit in support of the issuance of the search warrant in question and the search warrant. He read from a portion of the application and affidavit, which indicated "[t]he building was formerly a duplex, but has been remodeled and is now a single-family dwelling. The building still has two addresses 128 South Walker Lane and 130 South Walker Lane. The addresses '128' and '130' are displayed on the building on the north side of the building near the northeast corner of the building." He confirmed that the residence was then a single-family residence. He also indicated that he had

3

checked on the utilities which indicated that it was a single residence and that the sole resident of the premises was Ms. McBee.

The parties were offered an opportunity to present argument with regard to this motion. Defense counsel candidly stated that in his motion, he had assumed that Ms. McBee's statement to Officer Yook, that the bedroom belonged to Defendant Baylis, had been told to Officer Yook that night prior to or during the execution of the search warrant. However, he acknowledged that the undisputed testimony at the hearing was that information was imparted by Ms. McBee to Officer Yook months later. Accordingly, defense counsel indicated that he had nothing further to add. Likewise, Assistant United States Attorney Cynthia Davidson indicated that she wished to rely on her brief.

## FINDINGS OF FACT

The Court accepts the testimony of Officer Yook as credible and unimpeached and adopts the testimony setforth herein as the Court's findings of fact. For purposes of this motion, the relevant findings of fact are that a search warrant was validly issued for 130 South Walker Lane and upon execution of the search warrant and entry into those premises, the officers entered a locked bedroom where the defendant, Anthony Baylis was located. The Court further finds that there was no indicia of this bedroom being anything other than a bedroom in a residence and no indicia of it being a separate residence. In addition, other than the fact that the door was locked, there was no indication of any separate exit, doorbell, mailbox, separate utilities, no separate kitchen or bathroom, or construction to even remotely indicate that it was a separate residence as opposed to a typical bedroom in a residence.

4

## ANALYSIS

The Fourth Amendment requires that a search warrant "particularly describ[e] the place to be searched and the persons or things to be seized." U.S. Const. am. IV. A warrant satisfies this requirement with regard to the place to be searched "if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." Steele v. United States, 267 U.S. 498, 503 (1925). The particularity requirement does not turn upon the description in the warrant being "'technically accurate in every detail.'" United States v. Pelayo-Landero, 285 F.3d 491, 496 (6th Cir. 2001) (quoting United States v. Prout, 526 F.2d 380, 387-88 (5th Cir. 1976)). Instead, the test for determining whether a warrant is sufficiently particular contains two prongs: "(1) whether the place to be searched is described with sufficient particularity as to enable the executing officers to locate and identify the premises with reasonable effort; and (2) whether there is reasonable probability that some other premises may be mistakenly searched." United States v. Gahagan, 865 F.2d 1490, 1497 (6th Cir. 1989).

In the defendant's Motion to Suppress, the defendant argues that the search warrant obtained was for the residence of Ms. Melissa McBee and that the government had taken the position that the area described as Anthony Baylis's bedroom was separately locked and that Ms. McBee did not have access. Accordingly, the defendant argues that the officers executing the search warrant knew or should have known prior to executing the search of the room, in which the defendant was located, that Ms. McBee had asserted that this room was separate residence whose access was controlled by the defendant. Obviously, as noted by the defendant's counsel, the testimony of Officer Yook belies that argument. The statement that Anthony Baylis's bedroom was separately locked did indeed come from Ms. McBee but not until months after the search. Accordingly, there was no evidence

5

that the officers executing the search warrant knew or should have known prior to executing the search of the room, that this bedroom was or was in anyway intended to be, a separate residence whose access was controlled by the defendant. Furthermore, the Court finds upon the preponderance of the evidence at the hearing, that the bedroom in which Anthony Baylis was found was not a separate residence for the purposes of legal analysis.

In the instant case, the search warrant sufficiently describes the place to be searched, Ms. McBee's residence, such that the executing officers could and did locate and search the right place. See Gahagan, 865 F.2d at 1497. The bedroom in which the defendant was found is merely one room within Ms. McBee's residence, not a separate residence. When executing a search warrant, officers are permitted to look in any location or container on the premises that could hold the items to be seized, even if those locations are not specified in the search warrant. See United States v. McLavain, 310 F.3d 434, 439 (6th Cir. 2002) (finding search under a bed and in a garage to be objectively reasonable pursuant to a search warrant for a fugitive because a person could hide in these locations). Thus, a reasonable probability that the officers would search some other residence by mistake did not exist. See Gahagan, 865 F.2d at 1497. The factual testimony given at the suppression hearing essentially dispenses with the sole basis for the defendant's Motion to Suppress. Accordingly, the Court recommends that the defendant's Motion to Suppress be denied.

## **CONCLUSION**

After carefully considering the motion, memoranda, testimony, exhibits, and oral arguments and after reviewing the relevant legal authorities, the Court finds that the search warrant was properly issued and was properly executed. For the reasons set forth herein, it is **RECOMMENDED** that the defendants' Motion to Suppress [**Doc. 54**] be **DENIED**.[1]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).