IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-147 |
| | ) | |
| ANTHONY CORNELIUS BAYLIS | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court for consideration of the magistrate judge's report and recommendation [doc. 68]. No objections to the report and recommendation have been filed by either party, so it is ripe for this court's consideration. Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

The court has reviewed the report and recommendation and the pleadings related to the defendant's second motion to suppress evidence and

finds that the magistrate judge's conclusion that the motion to suppress should be denied is correct. The defendant's motion to suppress is based primarily on the defendant's belief that the officers executing the search warrant "knew or should have known, prior to executing the search of the room the defendant was in, that Ms. McBee had asserted that the room . . . was a separate residence whose access was controlled by the defendant." The evidence at the suppression hearing was to the contrary, and the magistrate judge correctly found that the bedroom where the defendant was found was not a separate residence, but merely one of the bedrooms in the single residence.

The court **ADOPTS** the report and recommendation in its entirety, and it is hereby **ORDERED** that the defendant's second motion to suppress evidence [doc. 54] is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge