IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-147 |
| | ) | |
| ANTHONY CORNELIUS BAYLIS | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's renewed motion for judgment of acquittal [doc. 96]. The government has responded [doc. 97], and the motion is ripe for the court's consideration. For the reasons stated below, the motion will be denied.

Following a three-day jury trial, the defendant was found guilty of all four charges of the superseding indictment: conspiracy to distribute and to possess with the intent to distribute cocaine, crack cocaine, and marijuana; aiding and abetting possession with the intent to distribute cocaine, crack cocaine, and marijuana; possession with the intent to distribute Ecstasy; and possessing a firearm in furtherance of a drug trafficking offense. When considering a motion for judgment of acquittal, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The defendant's motion for a judgment of acquittal states, in its entirety: "Defendant Anthony Cornelius Baylis, by and through undersigned counsel, hereby renews the Motion for Judgment of Acquittal as to Counts 1,2 and 4 made at the close of the Government's proof at the trial of this cause." In response, the government contends that the proof at trial, through the testimony of the defendant's brother and others, was that the defendant was involved with his brother in the distribution of cocaine, crack cocaine and marijuana since June 2005. A search warrant was executed on a residence where the defendant was staying, and controlled substances (cocaine, crack cocaine, marijuana and Ecstasy), cash, and a firearm were found in the defendant's room. Other drug dealers testified that the defendant cooked crack cocaine and sold crack cocaine, cocaine and marijuana. There was testimony describing specific instances of sales and cooks. The defendant's ex-girlfriend testified that she knew the defendant to carry his firearm during drug transactions.

The defendant testified and admitted that he possessed Ecstasy with the intent to distribute it, that the other substances found in his room, except the crack cocaine were his, and that he sold them to others. The defendant also admitted that the firearm found in his bedroom was his.

Based on this evidence, the court finds that the jury had more than sufficient evidence to convict the defendant of the charges in Counts 1,2, and 4. Therefore, it is hereby **ORDERED** that the defendant's renewed motion for a judgment of acquittal is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge