UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| ANTHONY CORNELIUS BAYLIS, | ) | | |
| | ) | | |
| Petitioner, | ) | Nos. | 3:08-CR-147-RLJ-HBG |
| | ) | | 3:13-CV-402-RLJ |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM AND ORDER**

Petitioner, Anthony Cornelius Baylis ("Baylis"), was convicted by a jury in this case of three counts of possession and distribution of controlled substances, and one count of possessing a firearm in furtherance of a drug trafficking offense [Doc. 95].[1] The Court sentenced Baylis to 123 months in prison, which included the mandated consecutive term of 60 months for possession of a firearm in furtherance of a drug trafficking offense [Doc. 115]. Baylis appealed the denial of a Motion to Suppress the gun and drugs seized during the search of a house. The Court of Appeals for the Sixth Circuit affirmed the denial of the Motion to Suppress [Doc. 121].

The facts of the case are not complicated. A confidential informant made several purchases of controlled substances at Baylis's residence. While executing a search warrant for the residence, law enforcement officers found a firearm and a variety of controlled substances [Doc. 121]. After an unsuccessful Motion to Suppress the gun and drugs seized from his residence, Baylis proceeded to trial and was convicted [Doc. 95].

---

[1] All citations to the record are found on the docket of case no. 3:08-CR-147-RLJ-HBG.

Now before the Court is Petitioner's § 2255 Motion, which alleges ineffective assistance of counsel and also that the Court made impermissible factual findings as to the drug quantity attributed to Baylis for purposes of sentencing [Doc. 130]. The Government responded in opposition [Doc. 134]. The Petitioner filed a reply [Doc. 137].

**STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must establish "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire processing invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668 687 (1987), *see also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonable effective assistance," *Id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears

the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that. . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

## THE § 2255 MOTION

The Petitioner alleges two claims of ineffective assistance of counsel, focused on the following subjects: (1) the weight of the crack cocaine, and (2) the issues raised on appeal. In addition, Petitioner attacks the Court's findings as to drug quantities.

### A. Crack Cocaine Weight

Baylis claims that his attorney should have contested the weight of the crack cocaine attributed to Baylis. The Court, however, finds that Baylis, in fact, stipulated before trial that the weight of the crack cocaine recovered from his residence was 7.9 grams [Doc. 82, Stipulation; *see also* Doc. 105, Trial Tr. 84 (introducing the stipulation into evidence)]. Specifically, the parties stipulated that a forensic chemist "analyzed and weighed the rock-like substance contained in Government Exhibit 5, 6, and 7 and determined that it was, in all, 7.9 grams of cocaine base (crack), a schedule II controlled substance" [Doc. 82, Stipulation]. Therefore,

3

counsel for Baylis had no basis to object to the probation officer's use of that quantity to calculate Petitioner's base offense level for sentencing purposes.

Baylis has not identified any basis upon which his attorney could have successfully disputed the quantity of crack cocaine. Moreover, if Baylis had declined to stipulate, the United States would have presented testimony from the forensic chemist who analyzed and weighed the crack cocaine, and that testimony would have established that Petitioner possessed 7.9 grams of crack cocaine. Accordingly, this claim for relief is without merit.

### B. Issues Raised On Appeal

Petitioner claims that appellate counsel should have litigated "additional sufficiency of evidence issues" but instead provided "very minimal and lac luster [sic] . . . representation" [Doc. 130]. The Court finds that the only issue raised on appeal by counsel for Baylis was the denial of Petitioner's Motion to Suppress the evidence seized from his residence [Doc. 121]. As to whether any other issue was raised, the court of Appeals stated:

> Baylis also implies, though he never argues, that the evidence fails to support his conviction. Because this issue is 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, we decline to address it. (citation omitted).'

[Doc. 121].

To prevail on a claim that counsel was ineffective on appeal for not presenting additional issues, Petitioner must show that counsel unreasonably failed to find non-frivolous issues and that, had those issues been raised, there is a reasonable probability that he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259 (2000). The Court finds that the Petitioner has not met that burden. He has not identified any specific issue that would have changed the outcome of his appeal. This claim is without merit.

4

### C. Drug Quantities

In a procedurally-defaulted claim, Petitioner asserts that the drug quantity attributed to him at sentencing was improperly determined by the Court and should have been decided at trial by the jury. The Court finds, however, that the drug quantity was correctly attributed to Petitioner because he had previously stipulated to it. The Supreme Court has held that any fact that increases the statutory mandatory minimum or the statutory maximum for an offense, other than the fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt or admitted by the defendant. *Alleyne v. United States*, 133 S. Ct. 2151, 2160 and n.1 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Because Petitioner stipulated to the quantity of crack cocaine that triggered the statutory penalty, the jury was not required to make any specific finding regarding drug quantity. The Court rightly attributed the stipulated quantity to Petitioner at sentencing. This claim is without merit.

### D. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

5

or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that Petitioner's claims are adequate to deserve further review. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

## CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A Judgment will enter **DENYING** the Motion [Doc. 130].

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

6

Case 3:08-cr-00147-RLJ-HBG   Document 159   Filed 04/20/16   Page 6 of 6   PageID #: 1160