IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:08-CR-147-RLJ-DCP |
| ANTHONY CORNELIUS BAYLIS, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on November 17, 2021, for a detention hearing to determine Defendant's release or detention pending his revocation hearing before District Judge R. Leon Jordan. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant Anthony Baylis, who was also present. The Government asks the Court to detain Defendant pending the revocation hearing, arguing he is a danger to the community. Defendant seeks release on the conditions that he continue to reside with his mother in Harriman, Tennessee; that he be placed on house arrest with electronic monitoring and not leave the residence except for work or court appearances; that he participate in drug treatment; and that he submit to random drug screening. For the reasons set forth below, the Court finds Defendant Baylis shall be detained until his revocation hearing.

The Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the Court *shall* order

that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

The Court finds the factors set forth in 18 U.S.C. § 3142(g) weigh in favor of detention in this case. The Petition alleges that on May 12, 2021, Defendant tested positive for "cannabidiol (CBD/THC)" [Doc. 179]. Thus, the nature and circumstances of the alleged violation involves a controlled substance and weighs in favor of detention. 18 U.S.C. § 3142(g)(1).[1]

The second factor, the weight of the evidence, also supports detention. 18 U.S.C. § 3142(g)(2). Defendant's federal conviction is for trafficking in cocaine, cocaine base, marijuana, and ecstasy and for possessing a firearm in furtherance of drug trafficking. Drug trafficking itself is inherently dangerous and use of a firearm in furtherance thereof serves to increase the danger. Additionally, Defendant's federal supervised release was previously revoked for driving under the influence of an intoxicant and possession of marijuana [*see* Docs. 166 & 177]. These violations were discovered when Defendant wrecked his car on Interstate 40 [Doc. 166]. Accordingly, the Court finds the weight of the evidence of the Defendant's dangerousness to the community to be great. 18 U.S.C. § 3142(g)(2); *see also United States v. Stone*, 608 F.3d 948 (6th Cir. 2010) (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

---

[1] Defendant is also alleged to have violated the condition that he not commit another crime by soliciting an individual posing as a minor for prostitution. Although the nature of the second alleged violation of trafficking for a commercial sex act ostensibly involves a minor, here the Affidavit of Complaint [Exh. 1] states that Defendant met with undercover agents posing as juveniles. Accordingly, the Court does not find the nature and circumstances of the second alleged violation qualifies as a crime involving a minor under § 3142(g)(1).

The third factor focuses on the Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). The Court observes that Defendant Baylis appears to have a stable place to live with his mother and has employment to which he can return. However, Defendant has a sustained history of drug use. Regarding his past conduct, the Court observes that Defendant has previously violated the conditions of his supervised release. After serving a three-month sentence for the prior violations, Defendant was again released on conditions on April 22, 2021. The first of the instant alleged violations occurred less than three weeks after his release and the second alleged violation occurred two weeks later. This timing suggests that Defendant has a cavalier attitude toward his conditions of release and weighs in favor of detention. Also, Defendant was on federal supervised release at the time he committed the alleged violations, which also supports detention. *See* 18 U.S.C. § 3142(g)(3)(B). Thus, the Court finds Defendant's history and characteristics support detention.

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Court also finds this factor to weigh in favor of detention. Defendant is presently charged in Monroe County, Tennessee, with benefitting from or patronizing prostitution from an individual posing as a minor [Exh. 1, Indictment]. The Affidavit of Complaint supporting the Criminal Complaint, which preceded the Indictment, states that on May 26, 2021, Defendant Baylis went to a hotel in Sweetwater, Tennessee, and met with undercover agents posing as juveniles engaged in the sale of commercial sex [Exh. 1, Affidavit of Complaint]. The Affidavit states that Defendant agreed to pay $120 to the undercover agents for specific sexual acts [Exh. 1, Affidavit of Complaint]. A grand jury found probable cause to believe Defendant Baylis solicited prostitution from an apparent minor. The Court finds the Monroe County charge is serious and reveals Defendant to be a danger to the community.

Defendant argues that there are conditions that can alleviate any danger that he may pose. He proposes being on house arrest and not leaving his mother's residence, except for work or to attend court proceedings. Defendant also proposes that he participate in drug treatment and undergo random drug screening. However, the Court finds that these conditions do not ameliorate Defendant's potential danger to the community. First, the Court observes that Defendant Baylis was living with his mother when the alleged violations involving the use of controlled substances and solicitation of a minor for sex occurred. Additionally, United States Probation Officer Stevey Griffin, who supervises Defendant Baylis, testified that he told Defendant not to use CBD oil or cream because it contains THC and would cause him to fail a drug screen. Upon failing a drug screen on May 12, 2021, Defendant admitted using CBD products *daily*, even though he knew the products contained THC [*see* Doc. 179]. Finally, as emphasized by Government's counsel, Defendant attempted to falsify his drug screen by bringing synthetic urine to the drug test but was caught. This indicates to the Court that Defendant is willing to go to great lengths to get around his conditions and gives the Court little confidence that he would abide by additional conditions imposed by the undersigned.

Defendant Baylis has failed to carry his burden of showing that he is not a danger to the community. The Defendant has also failed to show that release on the suggested conditions or any conditions would reasonably assure the safety of the community. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, and therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

For the reasons discussed herein, the Court **ORDERS** as follows:

(1) Defendant Baylis is **ORDERED DETAINED** pending his revocation hearing;

(2) Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(5) Defendant is **ORDERED** to appear for a revocation hearing before United States District Judge R. Leon Jordan, which is presently scheduled for **January 6, 2022, at 11:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge